UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

        Plaintiff,

v.

BROWN, Correctional official,
GOWDY, Sergeant, and
ROOT, Lieutenant,

        Defendants.
_____/

Case No. 22-mc-51414

Paul D. Borman
United States District Judge

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT (ECF NO. 5)

### I. INTRODUCTION

Plaintiff Darren Johnson is a Michigan prisoner incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On September 2, 2022, Plaintiff filed this action seeking permission to file, in forma pauperis, a civil complaint under 42 U.S.C. § 1983 against three Michigan Department of Corrections (MDOC) employees. (ECF Nos. 1, 2.) The Complaint alleges that Defendant Brown, a correctional official, retaliated against Plaintiff for asking for, and then filing, a grievance, by causing Plaintiff's cell to be unreasonably searched and left in "disarray," and that Defendants Sergeant Gowdy and Lieutenant Root then failed to properly review his grievances and improperly denied them. Plaintiff alleges that he

has been having chest pain from panic attacks, which could lead to more chest pain, then heart attack and death.

On September 30, 2022, the Court concluded that Plaintiff was not entitled to *in forma pauperis* status because he had at least three prior suits dismissed for being frivolous and he had not sufficiently alleged he was in imminent danger of serious physical injury. (ECF No. 4, Opinion and Order.) The Court therefore denied Plaintiff's application to proceed *in forma pauperis* and dismissed Plaintiff's Complaint without prejudice. (*Id.*)

On October 17, 2022, Plaintiff filed the instant motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). (ECF No. 5.) For the reasons that follow, Plaintiff's motion to alter or amend the judgment is DENIED.

## II. LEGAL STANDARD

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 509 (6th Cir. 2013). The Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.

2

2005)); *see also Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008) (additional quotation omitted)).

### III.  DISCUSSION

Plaintiff does not claim to have newly discovered evidence, and he has not asserted an intervening change in law. Instead, he claims that the Court abused its discretion and made a clear error of law when it stated that Plaintiff failed to state a claim against the Defendants, and when it concluded that Plaintiff was not entitled to proceed under the "imminent danger" exception to the "three strikes" rule. Plaintiff maintains that he has sufficiently pleaded claims against the three Defendants and that he has sufficiently alleged in his Complaint that he is in imminent danger. Because Plaintiff fails to show that the Court clearly erred when it denied his application to proceed without prepaying the filing fee, and dismissed Plaintiff's Complaint without prejudice, Plaintiff's motion to alter or amend the judgment will be denied.

First, Plaintiff's argument that he has stated a claim against Defendants is a nonstarter as the Court did not base its ruling dismissing Plaintiff's Complaint without prejudice on Plaintiff's failure to state a claim. Rather, while the Court questioned whether Plaintiff's Complaint stated a claim upon which relief may be granted against any Defendant, and thus whether Plaintiff should be denied leave to file the Complaint as an enjoined filer as set forth in U.S. District Judge Stephen J. Murphy, III's order in *Johnson v. Schultz*, No. 22-11056, 2022 WL 1569281 (E.D. Mich. May 18, 2022), the Court ruled that "even if Plaintiff could state a claim, because he has failed to show that he is in imminent danger of serious physical injury, he may not proceed without prepayment of fees and costs." (ECF No. 4, PageID.98.) Accordingly, the Court ordered that, to proceed with this action, Plaintiff has to pay the entire $350.00 filing fee and $52.00 administrative fee, and that the Complaint would then be reviewed to determine whether it should be served upon the defendant(s) or summarily dismissed, in whole or in part. (*Id.* PageID.101.)

Second, Plaintiff fails to show that the Court made a clear error in law in its finding that Plaintiff failed to show that he is in imminent danger of serious physical injury. In support of his claim of "imminent danger" in his present motion, Plaintiff cites *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013), for stating that the imminent danger exception is essentially a pleading requirement

4

subject to the ordinary principles of notice pleading. Plaintiff contends that his allegations in his Complaint that "he has been having chest pains from panic attacks, which could lead to more chest pain, then heart attack and death," are sufficient to plead that he is under imminent danger of serious physical injuries. (ECF No. 5, PageID.104.)

However, it is not enough for a plaintiff to simply plead some injury. Rather, to satisfy the imminent-danger exception, a prisoner must allege "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger [of serious physical injury] at the time he filed his complaint." *Vandiver*, 727 F.3d at 585 (alterations in original and added, citation and internal quotation marks omitted). As this Court stated in its previous Opinion and Order, "[a] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." (ECF No. 4, Opinion and Order, PageID.99, quoting *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).) *See Vandiver*, 727 F.3d at 587 (finding plaintiff satisfied the "serious bodily injury" exception because he faced impending "amputations and potentially coma or death"). This Court then examined Plaintiff's allegations of chest pain from panic attacks" which could lead to "chest pain[,] then heart attack, then death," and found that Plaintiff failed to allege any facts that would

5

establish that he is in imminent or specific danger of serious physical injury. (ECF No. 4, Opinion and Order, PageID.99, citing *Gresham*, 938 F.3d at 850). The Court explained that Plaintiff's general complaints of "chest pain" and "panic attacks" are insufficient to meet the imminent-danger exception, and that his concerns of potential future harm are conclusory and speculative. (*Id.* PageID.100, citing *Gresham*, 938 F.3d at 850 (finding that alleged injuries of chest pain, restlessness, seizures, vomiting, stomach cramps, and dizziness from assigned medications were insufficient to meet the exception); *Johnson v. Serminski*, No. 22-cv-10660, 2022 WL 1138026, at *2 (E.D. Mich. Apr. 18, 2022) (finding plaintiff's complaints of severe chest pain and headaches do not satisfy the exception, and that "generalized allegations of stress-induced potential future health risks" are insufficient to show imminent danger); *Goldman v. Winn*, No. 19-cv-13047, 2019 WL 5597049, at *2 (E.D. Mich. Oct. 30, 2019) (finding that plaintiff's "concerns about potential future harm, such as cancer or other serious illness, are speculative at best and insufficient to satisfy the exception to the three strikes rule"); *Jackson v. Simon*, No. 22-cv-44, 2022 WL 304552, at *3 (W.D. Mich. Feb. 2, 2022) (finding that the plaintiff's allegations that he is "at risk of suffering a stroke, heart attack, or death" are too conclusory and speculative to satisfy the imminent danger requirement).)

The Court therefore properly concluded that Plaintiff failed to establish that he should be allowed to proceed in this case without prepayment of the filing fee despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted. As the Sixth Circuit Court of Appeals has stated, "[p]auper status is a privilege, not a right, and [Plaintiff] lost it by repeatedly filing meritless lawsuits." *Gresham*, 938 F.3d at 851.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to alter or amend the judgment.

SO ORDERED.

Dated: January 23, 2023

s/Paul D. Borman
Paul D. Borman
United States District Judge